IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

FRASIER W. STANLEY
6521 19th STREET
GREENLEY, CO 80634

CASE NO.

    PLAINTIFF

COMPLAINT AND JURY DEMAND

- VS. -

GRAND DESIGN RV, LLC
C/O C T CORPORATION SYSTEM, S/A
334 NORTH SENATE AVENUE
INDIANAPOLIS, IN 46204

    DEFENDANT

---

## PRELIMINARY STATEMENT

1. This case is about 2022 Grand Design Reflection 312BHTS which is riddled with warranty defects, including structural defects, despite the RV having been in the repair shop for warranty repairs for over 300 days.

2. This case involves claims asserted under the Wyoming and/or Colorado and/or Indiana Uniform Commercial Code, and the Magnuson Moss Warranty Act.

3. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332, in that Plaintiff is a resident and citizen of the state of Colorado and Defendant's sole member is a citizen of the state of Minnesota.

4. This case is about a defective 2022 Grand Design Reflection 312BHTS recreational vehicle

1

("RV") that was built and warranted by Defendant and which proved to be a proverbial lemon vehicle that was plagued with substantial defects and had one or more defects that were the fault of Defendant and which were subject to 3 failed repair attempts and/or was out of service due to repair attempts under Defendant's warranty for more than 300 days because of defects that were the fault of the Defendant. The subject vehicle suffered from substantial defects and in spite of 3 trips and over 300 days at Defendant's authorized and designated warranty repair facilities, and Defendant and/or its designated representatives and agents have failed to repair the RV's defects in a reasonable amount of time or a reasonable number of repair opportunities.

5. The subject vehicle was sold wholesale by Defendant to its authorized retail seller, Adventure RV, in Wyoming, and was defective when sold, and sold retail by Adventure RV to Plaintiff in Wyoming and was defective when acquired. Ineffective repair attempts were made upon the subject vehicle by Defendant's authorized representative dealership in Wyoming, and Colorado; the place where the relationship of the parties arose is Wyoming because the warranty obligations of defendant were received by Plaintiff with the purchase of the subject RV in Wyoming and defendant directly interacted with Plaintiff in Wyoming and Colorado.

6. Prior to the sale of the subject vehicle to Plaintiff, Defendant made arrangements for compensation of its designated representatives for the performance of warranty-covered service and repairs upon vehicles it manufactured, in accord with 15 USC 2307. In its warranty and/or owner manual for the subject RV the Defendant instructed Plaintiff that in the event of a defect Plaintiff was to notify "the authorized dealer" for "inspection" and to "undertake appropriate corrective repairs" and, under 15 USC 2307, Defendant thereby

designated each authorized service center who worked on the subject vehicle to perform the manufacturer's duties under the written or implied warranties. Subsequent to each request by Plaintiff for repair of a condition or defect on the subject vehicle covered by Defendant's express and/or implied warranties, if the repair request was approved by Defendant each such designated representative was compensated by the Defendant for the designated representative's performance of the Defendant's duties.

7. Upon information and belief, Defendant controlled and/or directed the acts of each authorized repair facility who attempted to perform warranty and/or service repair work on the subject RV, by Defendant's control and direction of the speed and processing of warranty repairs and parts distribution from its factory in Indiana; Defendant controlled and directed the process by which its authorized repair facilities performed warranty-covered repairs by its acts and omissions which include but are not limited to (1) requiring authorized retail sellers of its products to apply for and be granted that right by agreeing to and proving they would and could meet and maintain Defendant's management, business, internal sales and service structuring, processes, procedures, facility location and size and characteristics, reputation, profit, sales quotas, sufficient level and quality of sales personnel staffing, departmentalization of work activities and successfully pass Defendant's periodic reviews and/or inspections of all those aspects of the retail seller's business operation and activities, including adherence to Defendant's policies and procedures related to the sale and servicing of Grand Design products and the business relationship between Defendant and its authorized retail seller and servicer of Defendant's products and allowing Defendant to have access to the authorized seller and repair facility's property; and (2) by requiring authorized repair facilities to agree to and prove that they would and could meet and maintain

3

Defendant's service management service and parts departments structuring, processes, procedures, facility location and size and equipment and service bays and characteristics, reputation, profit, sales quotas, sufficient level and quality of administrative repair personnel staffing and training, departmentalization of work activities, purchases of specific parts and/or equipment that was supplied, provided, or recommended by Defendant for use in the servicing and warranty repair of Defendant products, and to allow Defendant to access the property and business facilities of the authorized retail sales and the authorized repair facility, and successfully pass Defendant's periodic reviews and/or inspections of all those aspects of the retail seller's business and service operation and activities, including adherence to Defendant's policies and procedures related to the sale and servicing of Defendant's products and the business relationship between Defendant and its authorized retail seller and servicer of Defendant products, including but not limited to requiring pre approval of the work, requiring photographs of work needing to be done, establishing the manner in which its authorized repair facilities would submit warranty claims for payment, limiting the reimbursable time for warranty repairs to that allowed by for specific repair tasks as stated in publications submitted to its authorized repair facilities, establishing a limited hourly rate and/or total payment amount for reimbursement for warranty repairs, refusing to pay for "comeback" warranty repairs that resulted from failure of authorized repairs to "hold up" when done the way Defendant controlled and/or directed, requiring "comeback" warranty repair claims to be identified by its authorized repair facilities when submitting warranty claims for payment, and one or more other manners of instructions, directions, limitations, in addition to other similar such requirements. Defendant further controlled and directed the operation of its authorized retail sales and service representatives by reserving to itself the

4

discretionary right to terminate the representative relationship of any authorized seller or servicer of Defendant's products for any reason, including if such authorized retail seller or repair facility failed, in the opinion of Defendant, to adequately adopt, employ, implement, or otherwise follow Defendant's requirement, instruction, directive, recommendation, policy, procedure, fail to meet a minimum amount of quota of retail sales or service activity and/or profit, or otherwise, etc.

8. As a result of the above, the authorized retail seller and/or every authorized repair facility that worked on the subject RV were controlled and/or directed by Defendant with regard to one or more of the acts and/or omissions which they each committed in regard to the subject RV.

## IDENTIFICATION OF PARTIES

9. Frasier Stanley is a natural person who is domiciled in, resides in, and is a citizen of Colorado and is a consumer and buyer within the meaning of all applicable laws.

10. Grand Design RV, LLC is a limited liability company whose sole member is Octavius Corporation, which is incorporated in Delaware and has its principle place of business in Minnesota. Octavius Corporation is a wholly owned subsidiary of Winnebago Industries, Inc., which is incorporated in Minnesota and has its principal place of business in Minnesota.

## FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT

11. This case involves a defective 2022 Grand Design Reflection 312BHTS recreational vehicle that Defendant warranted and contracted to warrant but which it was not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranty and/or contract defendant breached and which, in fact, contained one or more substantial defects that were the fault of defendant and which had been subject to 3 or more failed

5

repair attempts by defendant and/or its authorized and/or designated representative and/or agent and/or subject to more than 300 days of out of service because of warranty-covered substantial defects that were the fault of defendant.

12. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

13. This claim is for breach of express warranty and/or contract and implied warranties of merchantability and fitness by Defendant in Wyoming, Colorado and/or Indiana.

14. As a result of the above, and the allegations below, inter alia, Defendant breached its warranty and/or contract to the injury of Plaintiff.

15. At all times relevant, Adventure RV was a supplier and merchant and an authorized and designated representative and agent of Defendant. Adventure RV was authorized and designated by Defendant to act for it in all respects related to sales, warranty and/or service repair work performed or attempted on the subject vehicle. Plaintiff acquired the subject RV from Adventure RV in Wyoming and Adventure RV performed pre-delivery inspections and warranty repairs to the RV.

16. At all times relevant, Blue Compass RV, formerly Adventure RV, was a supplier and merchant and an authorized and designated representative and agent of Defendant. Adventure RV was authorized and designated by Defendant to act for it in all respects related to warranty and/or service repair work performed or attempted on the subject vehicle. Blue Compass RV performed warranty repairs to the RV.

17. At all times relevant, Windish RV was a supplier and merchant and an authorized and designated representative and agent of Defendant. Windish RV was authorized and designated by Defendant to act for it in all respects related to warranty and/or service repair

6

      work performed or attempted on the subject vehicle. Windish RV performed warranty repairs to the RV.

18. On or about September 21, 2022 the parties entered into a consumer transaction, in that Plaintiff agreed to acquire from Adventure RV, Adventure RV agreed to sell to Plaintiff, under the terms of a finance agreement, and Defendant contracted and/or agreed to warrant the vehicle to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2022 Grand Design Reflection 312BHTS recreational vehicle believed to bear VIN # 573TR3725N3342375, and whose total cost including financing was about $105,431.20.

19. Defendant advertised the RV as being a 4 season RV, fit for recreational use year round.

20. Plaintiff acquired the vehicle in reliance on the existence of a written warranty and/or contract from Defendant and on advertising representations and/or warranties of Defendant.

21. The purpose of Defendant's warranty was (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiff confidence in the reliability and quality of the RV, and (c) to give Plaintiff confidence in the Defendant's representations about the subject vehicle and the vehicles Defendant designed and built, and (d) to give Plaintiff confidence in Defendant itself as a responsible company that lived up to its representations, its word, and its warranties.

22. After acquiring the vehicle, Plaintiff discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems, was not fit for ordinary use or recreational camping and travel, and was not fit for year round recreational use.

23. The defects in the RV, which were substantial and existed in the materials and workmanship caused by Grand Design RV, LLC, included, but are not limited to: LP Quick Disconnect; Rear D/S Slide Out Leaks During Heavy Rain; Propane Doesn't Automatically Switch Over; P/S Front Bottom Fiber Glass Damaged; TPMS Inop; Camera Inop; Mini Fridge Inop; P/S Rear Stab Jack Collapsed; Screws Falling Out Of Theater Seats; Control Set Up Inop; Some Window Seals Loose; Entry Door Hard To Latch; All Compartment Doors Not Sealing Or Latching Correctly; TV Mount Not Secure; Interior Fridge Moves Around; Bathroom Sliding Door Pocket Wall Bulging; Roof Has Voids; Valances Loose; Cabinet Door Above Stove To Right Has Loose Screws; Shower Faucet Busted Due To Freeze Damage; Decal With All Info Missing; Oven Won't Stay Lit; Main Slides In Living Room Leak Water; Tongue Jack Bent; Trim Pieces Loose; Outlet Behind Theater Seats Doesn't Hold Plug In; Sliding Door To Bedroom/Bathroom/Bunk Delaminated Edges; Top & Bottom Drawer On Right Side Of Kitchen Island Don't Stay Closed; Screw Missing On Furnace; Window Shade Next To Main Entry Door Doesn't Stay Down; Outdoor Sink Not Connected To Holding Tank; Solar Not Charging; Dewinterize; Battery Issue; Convertor Issue; Bathroom Pocket Door Sagging; Self Level Sealant, sufficient level and quality , among other things.

24. Defendant was notified of defects and non-conformities in the vehicle and the authorized repair facility's failed repair attempts repeatedly prior to filing this case.

25. In all respects, Plaintiff substantially if not completely performed their obligations under the RV's warranty from Grand Design RV, LLC and Grand Design RV, LLC did not perform its obligations, as set forth herein above and below.

26. Because of the contract and/or warranty-covered defects, Plaintiff notified Defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates

8

delivered the motor coach into the possession of defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning shortly after the sale.

27. On or about September 20, 2022, just one day after purchase, Mr. Stanley presented the RV to Blue Compass RV, formerly Adventure RV, a factory warranty authorized repair shop, for warranty repair of the following defects under Defendant's warranty, where it remained for more than 250 days:

- LP Quick Disconnect;
- Oven Won't Stay Lit;
- Rear D/S S/O Leaks During Heavy Rain;
- Propane Doesn't Automatically Switch Over;
- P/S Front Bottom Fiber Glass Damaged;
- TPMS Inop;
- Camera Inop;
- Mini Fridge Inop;
- P/S Rear Stab Jack Collapsed;
- Screws Falling Out Of Theater Seats;
- Trim Pieces Loose;
- Control Set Up Inop;
- Some Window Seals Loose;
- Entry Door Hard To Latch;
- All Compartment Doors Not Sealing Or Latching Correctly;
- Battery/Invertor Issue;
- TV Mount Not Secure;
- Interior Fridge Moves Around;
- Bathroom Sliding Door Pocket Wall Bulging;
- Roof Has Voids;
- Valances Loose;
- Cabinet Door Above Stove To Right Has Loose Screws;
- Shower Faucet Busted Due To Freeze Damage;
- Tongue Jack Bent.

29. On or about July 5, 2023, Defendant extended limited warranty on the subject RV until September 21, 2024, due to the fact that the RV had been in the shop since it was purchased.

30. On or about July 13, 2023, Mr. Stanley presented the subject RV to Windish RV Center, Inc. ("Windish") in Longmont, Colorado, , a factory warranty authorized repair shop, for

9

      warranty repair of the following defects under Defendant's warranty, where it remained for

      about 10 days:

- Solar Not Charging;
- Dewinterize;
- Battery Issue;
- Convertor Issue;
- Bathroom Pocket Door Sagging;
- Self Level Sealant.

31. On or about March 4, 2024, Mr. Stanley presented the subject RV to Windish RV Center, Inc. ("Windish") in Longmont, Colorado, a factory warranty authorized repair shop, for warranty repair of the following defects under Defendant's warranty, where it remains over 9 months later as of the date of the filing of this lawsuit:

- Linoleum damaged;
- Outdoor kitchen cabinets wallpaper coming off;
- Crack in fiberglass passenger side front cap;
- Cracked and chipped decals;
- Solar controller throwing codes;
- Shower clothes line not retracting;
- Shower head leaking and handle box cracked;
- Quarter round trim on floor peeling and broken;
- Bathroom door header peeling;
- Leak from main water lines under sink;
- Walls flexing during wind storm;
- Entry door hard to open/close;
- Leak behind nautilus panel;
- Gray tank valve cable loose;
- Drivers side slide doe not have supports for fridge;
- Schwinteck on passenger side has metal shavings from gear track;
- Entry door deadbolt does not fully extend;
- Entry door opens in transit;
- AC unit in bedroom has loud vibration;
- Shower pan dropped and had loud pop under pan;
- Bathroom medicine cabinet has screws at angle;
- Entry door frame by lock has unsealed gap;
- Entry door missing screws on hinges;
- Shade clip behind recliners broken;
- Shade left of dinette does not go up or stay down;
- Water heater controller intermittent;
- Kitchen sink leaks at top edge where hooked to countertop;

10

- Tire link inoperative;
- Bolts coming loose on outriggers;
- Slide and main roof bubbles;
- Awning touches slide roof when extended;
- Light comes through bottom slide corners;
- Bolts cooked on passenger side slide underneath supporting the wall;
- Awning arms do not retract all the way;
- Passenger side front compartment has broken frame welds;
- Passenger side front compartment does not latch well;
- Rear of unit underbelly staples coming out;
- Wall behind toilet coming loose;
- LED light for sewer connection screws falling out;
- Window valances are failing and screws are coming loose;
- Floor next to bed over the pass through area creaking;
- All cabinet doors and drawers are not staying latched during transport;
- Bedroom sliding door keeps getting stuck;
- Bedroom window not sealing in moderate to heavy rain;
- Heat and load fan sound coming from behind bedroom drawers;
- Shower leaking from edges and rivets;
- Kitchen faucet and bathroom faucet have lower water pressure;
- Grand Design did not install compass connect;
- Oven temp is not accurate;
- Cannot get TV sound to port out to ceiling speakers;
- TV remote not working;
- Coffee bar counter top is not flush with wall, gap not caulked;
- Bedroom camp side bunk not sealed and allowing wind, dust and water intrusion;
- Bunk house wall separating, living room bunk bowed;
- Cabinet handles are sharp;
- When using over/stove, water heater is starved of propane, and will not heat water;
- Mattress in main bedroom is smashed and has dip where people have slept;
- Water leaking through ceiling in hallway between bathroom and bedroom;
- When flush toilet has to turn water pump off or will overflow;
- Drivers side compartment door warped;
- Passenger slide does not have supports for lower metal, wiggles in transit and cracks fender;
- Drivers side fender cracked;
- Ladder loose - screws loose and right rail wiggling out of top;
- Awning torn on left corner by gimp;
- Latches on exterior kitchen hard to latch;
- Mini fridge inoperative;
- Passenger side slide out bottom trim coming off;
- Fresh tank leaks when above 1/3 tank;
- Stabilizer has intermittent failure;
- Drivers side lower wipe seal rippled and not sealing;

- Wall with pocket door bowing, trim cracked;
- Plastic tray in pass through cracking, cannot support weight;
- Multiple pieces of trim are loose and came off;
- Outlet in bathroom is cracked;
- Bedroom AC can hear water dripping after running;
- AC unit does not connect to one control;
- MDF swelling with moisture;
- Fridge lock not adequate for doors;
- Tank level sensors are not accurate;
- Ceiling speakers are all blown out;
- Theater seating not secured on floor and falling apart;
- Pad on top of dinette booth gouged.

32. On or about November 25, 2024, Plaintiff inspected his RV at Windish RV in an attempt to ascertain whether repairs had been completed. He determined that a number of items were not repaired. Further, Windish determined that a number of repairs had not been completed, and provided Plaintiff with the following list of warranty repairs that still need to be made, including but not limited to:

- Roof bubbling and wrinkling;
- Nail protruding from underneath membrane;
- Slideroom rubber roof membrane separating at corner by fascia;
- Lap sealant on rear termination molding cracking;
- Passenger side compartment door not sealing properly;
- Plastic floor tray still broken;
- Magnetic door catch missing on passenger side compartment door;
- Screws in aluminum framing are backing out and at improper angle, denting aluminum;
- Exterior walls are out of square, including slides;
- Front stabilizer jack is bent and twisted;
- Support gussets/outriggers for floor are not at 90 degree angle;
- Outrigger bolts are bent and loose;
- Multiple plastic zip ties that should be metal, under slide room are broken;
- Underbelly and insulation where not replaced due to sewage from black tank issue;
- Living room slide bottom exterior trim is separating from wall with carpet pushing through, not water tight;
- Fridge shelving missing/damaged from fridge not being secure;
- Fridge locks are still insufficient at keeping doors closed;
- Interior walls are not straight and out of square;
- Interior walls are still flexing, moving;
- Interior plate at floor and back to wall has screws backin gout and plate is

12

- damaged from rear wall shifting;
- All trim against numerous areas of loose trim and staples protruding;
- Bunk bed struts pulling loose from bunk;
- Bunk bed slide sticking out 3/8 inch towards rear of coach;
- Kitchen sink right cabinet door missing latch;
- Kitchen sink leaks, repair cover under sink;
- Kitchen slide floor is bent down where fridge sits;
- Kitchen slide interior trim by bottom of fridge still broken;
- Linoleum flooring curling up under kitchen slide;
- Grand Design to cover tank flush;
- Grand Design needs to cover paint on front cap;
- One control system still unable to connect;
- Grey tank sensor showing half full when empty;
- Bathroom wall behind toilet separating;
- Trim missing above slide room valance;
- Drawer handles not installed;
- Slide room lag bolt installed at angle.

33. Plaintiff has had a number of structural issues with the RV, all of which were presented for warranty repair, including but not limited to: walls moving in wind, water leaks due to walls being out of square, and doors opening in transit due to walls not being square.

34. Plaintiff has had numerous telephone calls and emails with Grand Design RV, LLC and its authorized dealers and/or other entities for help with the RV and during most if not all of these, Plaintiff was in Colorado.

35. After being in the repair shop on at least 3 separate occasions and being out of service for more than 300 days and accumulating more than 30 defects, including a number of structural defects, since its acquisition, Plaintiff notified Defendant that he wanted his money back but Defendant would not do that.

36. In spite of Defendant's obligations, when Plaintiff complained of the inability of Defendant and its authorized warranty-repair facility to repair the vehicle, Defendant did not repair or replace or repurchase the subject vehicle.

37. Prior to filing this case, including on November 8, 2024 and one or more other dates,

13

Plaintiff provided notice to Defendant about its failures to live up to its warranties and/or contract.

38. Instead of performing as represented, Defendant did not repair all defects in the vehicle once and for all time. In short, the defects were not repaired, and that caused Plaintiff lost all confidence in the reliability and quality of the RV, and Plaintiff lost all confidence in Grand Design RV, LLC as a company and in the authorized and designated repair facilities of Grand Design RV.

39. As a result Defendant breached its express and/or implied warranties and/or contract.

40. As a result, Defendant's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiff is entitled to all applicable legal and equitable remedies in law.

41. In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiff is entitled to all applicable legal and equitable remedies in law.

42. Through its advertising and otherwise, Defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation and Plaintiff acquired the vehicle in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

43. Through its advertising and otherwise, Defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used, and Plaintiff relied on such, but the vehicle involved in this case was not, however, of merchantable quality.

44. Through its advertising and otherwise, Defendant represented that the recreational vehicle was fit for 4 season use, and Plaintiff relied on such, but the vehicle involved in this case was not, however, fit for 4 season recreational use.

45. The malfunctions and defects in the vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiff.

46. Defendant's failure to timely fix all of the vehicle's defects has caused Plaintiff to lose faith in the reliability of the subject motor vehicle and in the ability of Defendant to repair the vehicle's defects.

47. Plaintiff provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

48. As a result of the above facts, Defendant breached its warranties and/or contract and/or representations with respect to the vehicle.

49. One or more of the defects and malfunctions in the vehicle were covered under the terms of defendant's warranties and/or contract, and Defendant failed to repair the vehicle, thereby diminishing the use and/or safety and/or value of the vehicle.

50. Defendant and/or one or more of its authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition of the subject motor vehicle within a reasonable time.

51. Plaintiff suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the vehicle or refund its price.

## SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

52. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

53. This independent claim is for breach of express and/or implied warranties and/or contract of warranties and/or defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

54. By operation of law, Defendant gave Plaintiff an implied warranty of fitness for a particular purpose and merchantability on the subject RV under the Commercial Code.

55. Plaintiff specifically alleges that Defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation, recreational use, and travel, and fit for 4 season use, and Plaintiff acquired the subject vehicle in reliance upon Defendant's statements and the belief that Defendant possessed a high degree of manufacturing skill and judgment.

56. Plaintiff specifically alleges that Defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used.

57. In addition to the defects which plagued the subject vehicle and which Defendant failed to repair within a reasonable amount of time or within a reasonable opportunity to repair, or in some cases failed to repair at all, the subject vehicle was defective when built, defective when

16

delivered to Defendant's authorized retail seller, and defective when delivered to Plaintiff.

58. Plaintiff specifically alleges that the subject vehicle involved in this case was not, however, of merchantable quality.

59. As a result of the above, among other things, Defendant has breached its obligations under the Warranty Act.

60. As a result of the above, among other things, Defendant breached one or more of its warranties and its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

61. As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

62. Plaintiff suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the above.

### PRAYER FOR RELIEF

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial; and

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial.

### ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of

acquiring the RV, and an Order finding Plaintiff to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

## JURY DEMAND

Plaintiff demands trial by jury on all claims and issues.

Respectfully submitted,


/s/ Elizabeth Ahern Wells_____
ELIZABETH AHERN WELLS
Attorney for Plaintiff
BURDGE LAW OFFICE
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:	937.432.9500
Fax:		937.432.9503
Email:		Beth@BurdgeLaw.com


Y:\data\Stanley, Frasier\Core Pleadings\Core Complaint 122024 bw.wpd